LIZZIE V. HAWKINS *v.* MARGARET M. HAWKINS ET AL.

1. TENANCY IN COMMON. *Code* 1892, § 2441. *Survivorship. Limitation over.*

Under § 2441, code 1892, providing that a conveyance of land to several shall be construed to create an estate in common, and not in joint tenancy, unless it manifestly appears that an estate in joint tenancy with survivorship was intended, a deed conveying land to three nieces "during their natural lives, and, at their death, to the descendants of their bodies in fee, if any; but, if they leave none to survive them, then, in that event, to the heirs of their brothers and sisters," creates an estate in common in the three life tenants, with remainder, at the death of the *survivor*, to the descendants of the life tenants.

2. SAME.  *Several life tenants.  Death of same.  Right of heirs.*

> In such case, the statute does not convert the estate for *three* lives
> into an estate for life only of the respective grantees.  The estate
> of the life tenants is not cut down; only the right of survivorship
> is destroyed.  On the death of one of them. her estate in the land
> passes to her heirs, and the same result follows on the death of
> another.  Not until the last life tenant dies will the ulterior limi-
> tation take effect and the fee pass.  Until that event, the repre-
> sentatives of the life tenants hold their respective estates by de-
> scent.

FROM the chancery court of the second district of Carroll county.

HON. T. B. GRAHAM, Chancellor.

On December 21, 1879, C. M. Vaiden executed a will, wherein he gave lots 70 and 73, in the town of Vaiden, Mississippi, to his nieces, Lizzie V. Hawkins, Alice V. and Sallie C. Herring, for life, and, at their death, to their children in fee, and, in the event that they should die without issue, then the property was to go to the survivor or survivors.  After this, on January 1, 1880, he executed a deed conveying lot 70 to said Alice V. and Sallie C. Herring for and "during life, and, at their death, to the descendants of their bodies in fee; but, in the event they should have none to survive them, then, and in that event, to the heirs of their brothers and sisters."  On the same day he executed the deed mentioned in the opinion, conveying lot 73 to Lizzie V. Hawkins, Alice V. Herring and Sallie C. Herring.  Afterwards, Sallie C. married Frank Hawkins, Jr., and Alice V. married A. W. Lynch.  Sallie C. died, leaving her husband and three children surviving, and Alice V. died, leaving her husband, but no children, surviving.  Lizzie V. Hawkins still lives, and has three children, and there are several children of her brothers, who are mentioned in the bill. In 1893 the bill in this case was filed by Frank Hawkins, Jr., as guardian of the three minor children of his wife, Sallie C. Hawkins, deceased, against Lizzie V. Hawkins and her three children, A. W. Lynch, and the children of the deceased broth-

ers and sisters of their mother.  Complainants claimed all of lot 70 and half of lot 73, and denied the right of the children of the uncles and aunts to any interest in the property.  It was averred that Lizzie V. Hawkins claimed a life interest in lot 73, and that the children of her brothers and sisters claimed an interest in all of said property.  The prayer of the bill is, that the title of complainants, as stated, should be confirmed, and that the adversary claims of the defendants should be canceled.  Defendant, Lizzie V. Hawkins, demurred to the bill, averring that complainants were not entitled to relief, and that they had no right to an interest in lot 73 during her life.  From a decree overruling the demurrer this appeal is prosecuted by the said Lizzie V. Hawkins.

The following opinion of the chancellor was filed on overruling the demurrer: "The demurrer filed herein is limited to lot 73, and raises no question as to the right of complainants to lot 70.  Under the statute in force at the date of the execution of the deed to lot 73, all conveyances to two or more persons were to be construed to create estates in common, and not in joint tenancy or entirety, unless it manifestly appears from the instrument that such an estate was intended to be created.  Such does not appear, from the deed under consideration, to have been the intention of the grantor.  The deed is to the three nieces for life, and, at their death, to the descendants of their bodies in fee, if any they may have; but, if they have none to survive them, then to the heirs of their brothers and sisters in fee.  The first grantees take a life estate as tenants in common.  The death of one or more life tenants in common under a deed severs the tenancy and disencumbers the fee to the extent of their interest.  It appears from the bill that two of the life tenants have died, one leaving issue surviving her, and the other without issue.  And it also appears that the surviving life tenant has issue now living who have survived the deceased life tenants.  By the death of these two life tenants, the life tenancy created by the deed under consideration was

severed and the fee disencumbered to the extent of two-thirds interest in said lot 73; and the remaindermen, the children of Mrs. Alice V. Hawkins, deceased, and the children of Mrs. Lizzie V. Hawkins, the surviving life tenant, were vested with the fee so disencumbered, and became tenants in common with the surviving life tenants.''

*Somerville & McClurg*, for appellant.

We·admit the rule under § 2441, code 1892, that a conveyance to two or more shall be construed as creating an estate in common, unless it manifestly appears from the instrument that a joint tenancy was intended. A devise to two persons, without other words, makes them tenants in common. *Nicholls* v. *Denny*, 37 Miss., 59. But here, the tenor of the deed to the three nieces is inconsistent with a tenancy in common. The limitations and restrictions as to the title are these: (1) The grantees are to have the premises '' during their natural lives.'' This includes the unities of a joint tenancy—time, title, interest and possession. (2) '' At their death the land is to go to the descendants of their bodies in fee, if any.'' This class of remaindermen necessarily embraces those heirs or descendants of the grantees' bodies who are living at the death of the surviving life tenant. Code 1892, § 2448; *Powell* v. *Brandon*, 24 Miss., 343. (3) If the life tenants have no descendants of their bodies '' to survive them,'' then the property is to go to the '' heirs of their sisters and brothers in fee.'' This limitation, like the former, can only take effect at the death of the last surviving life tenant. Until then, it is impossible to say whether the descendants of their bodies, or the heirs of their brothers and sisters will take.

It is contended that, on the death of either of the three grantees, the decedent's interest in the property goes to her children, if any she has; if not, to the children of her co-tenants. We dissent from this. The children have no interest in the life estate, and do not take until the death of the last surviv-

ing life tenant. Lizzie V. Hawkins may survive the complainants and her own children; in that event, the land will go to the heirs of her brothers and sisters.

The children of Lizzie V. Hawkins can have no interest in the land during the life of their mother; neither can the complainants enjoy any interest until the death of Lizzie V. Hawkins. It is not enough that any one life tenant has descendants; such descendants must survive all the life tenants. 20 Am. & Eng. Enc. L., p. 73, note 1; *Hungerford* v. *Anderson*, 4 Day (Conn.), 368. The court will note the similarity between the limitations in this case and in that.

The words "descendants" in this deed are words of limitation, and, therefore, nothing but a life estate passed to each niece. Two of them were not then married, and, therefore, had no descendants. *Cannon* v. *Barry*, 59 Miss., 289; *Tate* v. *Townsend*, 61 *Ib.*, 316.

Again, it is clear from the tenor of the deed that the descendants of the life tenants' bodies, if they survive them, are to take *per capita*, and not *per stirpes*. *Nicholls* v. *Denny*, *supra*. It is, therefore, impossible to admit complainants to the joint enjoyment of the premises with Lizzie V. Hawkins, or to make them joint owners thereof.

*Sweatman, Trotter & Knox*, for appellees.

1. A common sense construction of the deeds gives the estates as contended by complainants. From reading them, it would strike the ordinary mind that the intention of the grantor was to give an estate in severalty to each niece, the share of each one, on her death, to go to her children, and, if none, then to the children of the other sister or sisters, and only in the absence of children of the three sisters that the remainder over is to take effect. It also appears that the intention was that the descendants should take *per stirpes*, and not *per capita*. The grantor singled out the nieces as the objects of his bounty, and it is but reasonable that his charity should extend to their off-

spring, giving to them the same estate that their parents had, except as to duration.

2. The established rules of construction also sustain our contention, for these reasons: (1) The ulterior remaindermen, heirs of brothers and sisters, cannot take in any event, because the condition upon which their estate is to vest (life tenants dying without descendants) does not exist. In a will, language similar to that in question has been construed to mean that if either of the life tenants leave issue, then the estate over does not take effect. The condition is that if they die without issue, the remainder is to vest. *Hungerford* v. *Anderson*, 4 Day (Conn.), 368; 20 Am. & Eng. Enc. L., 873, note 1; 1 Redfield on Wills, 489, §§ 22, 24. As to this, there can be no distinction between a will and a deed. This seems to be decisive that the heirs of the brothers and sisters cannot take. There is additional strength given to this position by the use of the word "none," as applied to the descendants, meaning not one, and thus showing that, even if one descendant is living, the remainder over is not to take effect. (2) The language of the deed is such as to exclude the heirs of brothers and sisters. It is only in the absence of descendants who can take that the remainder over shall take effect, and if the ulterior remaindermen cannot take, it is because there are such descendants. Lizzie V. Hawkins cannot hold, as cross remainderman, because her claim is under a deed and not a will. 20 Am. & Eng. Enc. L., 870, 871; 4 Kent's Com., 201, 202; 2 Wash. on Real Prop., 234.

3. By § 2441, code 1892, joint estates were intended to be abolished, and estates in common established, unless the manifest purpose was to create a joint tenancy. The fact that the grant contains all the common law elements of a common law tenancy is not sufficient. Such an intention must be evident from the grant. If it is consistent with an estate in common, it must be so declared. 37 Miss., 59. To declare that the estates created are joint estates, is to hold that there can be no

estates in common for life unless it is expressly so stated. This would be a reversal of the common purpose of the statute, and in conflict with it.   The meaning of the words " at their death " is, that the estates were estates in common, the remainder, after the life estate of either, to go to the descendants. This being true, on the death of Sallie C. Herring, the remainder of her share went to her children, and, on the death of Mrs. Lynch, the remainder of her share in lot 73 went to Lizzie V. Hawkins and the children of Sallie C. Herring.

4. Should it be held that, inasmuch as Mrs. Lynch left no descendants, and that, under the deed, her part was a severable estate, and went to the heirs of the brothers and sisters, then, as complainants are the only persons answering to the description of heirs, they must take the entire estate over after her life estate, as well as after the life estate of their mother. None of the brothers and sisters of the living tenants are dead, and, of course, none of them have " heirs." 2 Wash. on Real Prop., marg. p. 236, §§ 2 and 3; *Ib.*, 261, § 8.

COOPER, C. J., delivered the opinion of the court.

The appeal calls for the construction of a deed executed by C. M. Vaiden and Elizabeth, his wife, to his three nieces, Lizzie V. Hawkins, Alice V. Herring and Sallie Cowles Herring. In consideration of natural love and affection, Mr. Vaiden conveyed to his said nieces a certain lot in the town of Vaiden, by the following terms: " We give to them, our said nieces, Lizzie V. Hawkins, Alice V. Herring and Sallie Cowles Herring, said lot as described, with all appurtenances, emoluments and rents arising from the same during their natural lives, and at their death to the descendants of their bodies in fee, if any they may have, but if they have none to survive them, then, in that event, to the heirs of their brothers and sisters in fee." By statute it is provided: "All conveyances of lands made to two or more persons, shall be construed to create estates in common, and not in joint tenancy, unless it shall manifestly

appear, from the tenor of the instrument, that it was intended to create an estate in joint tenancy, with the right to the survivor or survivors; *Provided*, This provision shall not apply to mortgages or conveyances made in trust." Code 1871, § 2301; Code 1892, § 2441.

The chancellor was of opinion that, but for the statute, the conveyance under review would have given a joint estate for their lives to the nieces of the grantor, with remainder at the death of the survivor to the descendants of the life tenants. In this conclusion we entirely concur. *Hungerford* v. *Anderson*, 4 Day (Conn.), 368. We concur also in the conclusion that it does not sufficiently appear by the deed that the grantor intended to preserve the right of survivorship, to withdraw the conveyance from the operation of the statute.

But the chancellor erred as to the effect of the statute upon the conveyance. It did not convert the estate for three lives into an estate for life only of the respective tenants in common. Each of the tenants in common remained, as before, a tenant for three lives—that is, for her own life, if she should survive her co-tenants, but for the life of the last survivor if they, or either of them, survived her. The statute does not cut down the estate of the tenants, but destroys the right of survivorship. At the death of Mrs. Sallie Hawkins, her estate then existing in the land passed to her heirs at law, instead of going by survivorship to her co-tenants, as it would have done but for the statute. And, so, when Mrs. Lynch died, her life estate descended to her heir at law. When, and not until, the last life tenant shall die, the ulterior limitation will take effect, and the fee will pass under the deed. Until that event, the representatives of the life tenants hold their respective estates by descent.

*Reversed and remanded.*

WHITFIELD, J., delivered the following dissenting opinion:

This is not the case of a deed from the express terms of which—the express words used in it—the intention of the

grantor can be clearly and plainly seen.   If it were, of course, there would be nothing to do, save to declare and effectuate that plainly expressed intent.   It is a marvel of obscurity. There are at least three views which may be taken of it, for all of which support more or less strong can be found.   The first is, to hold that the deed creates a joint estate in the three daughters for the life of the longest liver of them, the said longest liver to take, by survivorship, the whole estate in lot 73 for her life, the period of ulterior limitation, on the accrual of which the remainder over is to take effect, being the death of said longest liver, the intention to create such joint tenancy being plainly declared, and the statute, therefore, not converting it into an estate in common.   If this construction be adopted, Mrs. Sallie Hawkins' interest in the life estate in lot 73, as also Mrs. Lynch's interest in the same, went by survivorship to Mrs. Lizzie Hawkins, and the children of Mrs. Sallie Hawkins—the " descendants," in the language of the deed—have no interest therein, but only an interest in the remainder in fee in lot 73, and that only upon the contingency that they survive Mrs. Lizzie Hawkins, who may live many years,. and are living at her death; and, if then living, they are to take *per capita*, and not *per stirpes*, on this construction.   If Mrs. Lizzie Hawkins should die leaving six children, and only one of Mrs. Sallie Hawkins' children should then be living, that child would get one-seventh, and the six children of Mrs. Lizzie Hawkins six-sevenths, of an estate in which their mothers each had one-third.   The grantor never intended such a result.

Another view is, to hold that the deed creates what would be, at common law, such joint estate for the life of the longest liver of the three sisters—as first above set forth—but that the intention to do so is not so plainly declared as to bring the deed within the exception in our statute, and, hence, that statute converts it into an estate in common in said three daughters in lot 73, for the life of the longest liver of them, the period of ulterior limitation being as before—the death of said longest

liver. On this construction, the interest in the life estate in lot 73 of Mrs. Lynch went, on her death, to her husband, and, on the death of Mrs. Lizzie Hawkins, only those descendants of Mrs. Sallie Hawkins who may be then living can take, and must take, consequently, *per capita.* If anything can be plainly deduced from the deed, taken as a whole and not looked at piecemeal, it is that the grantor most certainly never intended that the husband of one of the sisters who should die childless, should take any interest in the life estate where sisters or descendants of sisters survived.

The third view is, that the deed creates the several estates in common, under the operation of the statute, giving to each daughter one undivided third interest for the life of each respectively, remainder in fee, upon the death of each respectively, to her " descendants," the descendants, of course, taking *per stirpes.* On this constrution, the life estates in lot 73 expire with the lives of the daughters respectively. The descendants have no interest in any life estate. The whole life estate in lot 73 does not survive Mrs. Lizzie Hawkins, nor part of it (Mrs. Lynch's third) go to her husband, and, if she should die before Mrs. Lizzie Hawkins, to his heirs or devisees. The children of Mrs. Sallie Hawkins, on her death, took their one-third interest in remainder in the fee of lot 73—not, however, by descent as her heirs, but *per formam doni,* under the limitation in the deed; and, so, on Mrs. Lynch's death, one-third interest in the remainder in fee in lot 73 went, under the limitation in the deed, one-half to the children of Mrs. Sallie Hawkins and one-half to the children of Mrs. Lizzie Hawkins. This half (one-sixth) going to the children of Mrs. Lizzie Hawkins, like the third interest in the remainder in lot 73 limited upon the death of Mrs. Lizzie Hawkins herself, upon and at her death, then, and not before, to the then living descendants of Mrs. Lizzie Hawkins. It was perfectly competent for the grantor, by deed, to provide that a third interest in remainder in the fee, in lot 73, upon the death of any daughter without issue, should vest

in descendants of the other daughters living, at their deaths respectively. The deed, taken as a whole, may fairly be said to so provide, and the intention of the grantor deducible from it, to have been that. If so, the one-sixth interest in the remainder in fee in lot 73 limited over upon the death of Mrs. Lynch without issue, as well as the one-third interest in remainder in fee limited over after the death of Mrs. Lizzie Hawkins herself, vest in her descendants surviving her, upon her death. This removes the objection, otherwise existing to this construction, that said one-sixth interest would vest, on Mrs. Lynch's death, in the children of Mrs. Lizzie Hawkins living at that date, to the exclusion of after-born children. It may possibly be objected that, on this construction, if one of the daughters of Mrs. Sallie Hawkins should marry in the lifetime of Mrs. Lizzie Hawkins, and then die in her lifetime, such daughter's interest in the remainder in fee would go to her husband—while one of the daughters and her children survived. The objection is more fanciful than real. It is not at all probable that such contingency would arise. But the obvious answer, if it did, is that the grantor here in this deed, as nearly all grantors do, concerned himself merely with seeing that the remainder safely reached and vested in fee in the descendants of the three sisters living at their respective deaths; not attempting to control the destination of the property beyond that.

Manifestly, the three sisters and their descendants were the objects of his bounty. Clearly, he did intend that no remainder in fee should go over to anyone beyond them, unless "none" of the descendants survived the daughters. This is the general scheme propounded by the deed, and this general scheme may be worked out of the very words used in the deed if taken as a whole and one clause be construed with reference to the others. We cannot look outside the express terms of the deed for the grantor's intent; no more can we, in any just view, look to one clause, or two or more clauses only. The former cannot be done, for it adds to the deed; the latter

cannot be done, for it subtracts from the deed. The intent of the grantor—that thing which vitalizes the deed in every part—is to be read not in the light furnished by the shining of each clause in the deed separately, but in the collected light focalized from all the clauses. Entertaining these views, I concur in the result reached by the learned chancellor. I regret my inability to concur with my brethren in the view taken by them, but this regret is softened by the reflection that, if in error, my views can work no injustice, since the opinion of the court is the law of the case.